IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| LARRY W. RICHARD | § | |
| v. | § | CIVIL ACTION NO. 6:15cv782 |
| JERRY TUNE, ET AL. | § | |

**MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT**

The Plaintiff Larry Richard, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court referred the case to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Richard filed an original complaint in the form of a letter, following this with an amended complaint on a standard §1983 form. He then submitted two declarations and a motion for leave to file a second amended complaint, followed by affidavits, grievances, and additional exhibits. This motion for leave to file a second amended complaint was not accompanied by the proposed amended complaint, as required by Local Rule CV-7(k).

In response to this array of paperwork, the Magistrate Judge denied Richard's motion for leave to amend, but ordered him to file an amended complaint setting out a short and plain statement of all of his claims. The Magistrate Judge provided guidance to Richard on the matters which should be included in the amended complaint, instructing him to furnish: (1) a concise statement of all his claims, including dates if known; (2) the names of the individual or individuals whom he wished to sue; (3) a statement showing how each of those individuals was involved in the facts

1

forming the basis of the claim; (4) the harm which he suffered; (5) the relief sought; and (6) whether or not he had exhausted his administrative remedies prior to filing suit.

Richard filed a response to this order stating that he no longer wished to add the Central Grievance Office as a defendant in his lawsuit, but that he wanted the Court to "recognize" his original complaint. When he did not comply with the Court's order to file an amended complaint, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed without prejudice for failure to prosecute or to obey an order of the Court.

In his objections to this Report, Richard states that there was a "major misunderstanding." He says that he did provide the Court with an "official 1983 complaint," in the form of his first amended complaint. Richard explains that his original complaint was simply a "test run to see if the letter would make it off the unit, and if plaintiff received a civil action number, he'd provide the court with the official documents to file his complaint." He contends that he provided a concise statement of his claims in a letter dated August 23, 2015. Richard asserts that his first amended complaint was meant to be the original complaint and that he knew his original letter was insufficient because it was a "test letter."

The multiplicity of documents submitted by Richard showed the need to have one complaint on file which set out all of his claims, against all of the defendants. The Fifth Circuit has stated that while the plaintiff is master of his pleadings, the court is master of its docket. *Hernandez v. Spencer*, 780 F.2d 504, 506 (5th Cir. 1986). In this case, the Magistrate Judge determined that the plaintiff's claims should be brought together into one document which would serve as the operative pleading. The order to amend was intended to accomplish this purpose. Richard's failure to comply with this order, regardless of whether or not he believed it necessary, amounts to a failure to prosecute or to obey an order of the Court. His objections are without merit.

In addition, Richard's complaint suffers from an additional flaw. He states in his first amended complaint that he did not exhaust his administrative remedies because "I filed claimed [sic] before Step Two processed. As soon as I get Step Two I'll send it." In December of 2015, some four

2

months after he filed his lawsuit, Richard furnished copies of Step One and Step Two grievances which he said would show exhaustion. The Step One grievance was signed by him on September 15, 2015, over a month after his lawsuit was filed, and the Step Two grievance was signed on October 26, 2015.

The law governing the exhaustion of administrative remedies is 42 U.S.C. § 1997e, which provides as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Under this statute, exhaustion is mandatory and is required for all actions brought by prisoners. *Woodford v. Ngo*, 548 U.S. 81, 84, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006). The purpose of the exhaustion requirement is to afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. *Porter v. Nussle*, 534 U.S. 516, 525, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002).

The Fifth Circuit has held that prisoners must exhaust their administrative remedies prior to filing suit and district courts lack discretion to excuse a prisoner's failure to exhaust his administrative remedies. *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). Where the face of the complaint makes clear that a prisoner has failed to exhaust administrative remedies, the district court may dismiss the complaint without requesting an answer from the defendants. *Dillon v. Rogers*, 596 F.3d 260, 272 n.3 (5th Cir. 2010), *citing Carbe v. Lappin*, 492 F.3d 325, 327-28 (5th Cir. 2007).

Exhaustion of administrative remedies for prisoners of the Texas Department of Criminal Justice, Correctional Institutions Division is accomplished through the two-step grievance procedure. The Step One grievance is handled at the prisoner's facility, while the Step Two appeal is handled at the state level. Both steps must be pursued in order to complete the exhaustion process. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004).

Richard plainly states in his complaint that he had not exhausted all of his administrative remedies prior to bringing suit because he was still waiting on the Step Two response. The grievances he submitted to prove exhaustion were dated after the lawsuit was filed and thus cannot serve to show that Richard had exhausted his administrative remedies prior to filing the lawsuit.

Because pre-filing exhaustion is mandatory and district courts have no discretion to waive this requirement, his lawsuit may be dismissed on this basis as well. *See Guy v. LeBlanc*, civil action no. 2:13cv2792, 2014 U.S. Dist. LEXIS 179490 (E.D.La., January 15, 2014, *Report adopted at* 2015 U.S. Dist. LEXIS 622 (E.D.La., January 5, 2015)) (stating that "when a prisoner fails to exhaust his administrative remedies prior to filing suit without a valid excuse, a court properly dismisses the action without prejudice to its refiling after the prisoner exhausts his administrative remedies," *citing Wendell v. Asher*, 162 F.3d 887, 890-91 (5th Cir. 1998)); *see also Wood v. Hirsch*, civil action no. 9:10cv53, 2010 U.S. Dist. LEXIS 94482 (E.D.Tex., July 23, 2010, *Report adopted at* 2010 U.S. Dist. LEXIS 87525 (E.D.Tex., August 24, 2010) (dismissing lawsuit without prejudice where plaintiff was in the process of exhausting administrative remedies but had not completed this process at the time that the lawsuit was filed), *aff'd* 461 F.App'x 365, 2011 U.S. App. LEXIS 15003 (5th Cir., July 20, 2011).

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 23) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled civil action is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and to obey an order of the Court, and for failure to exhaust administartive remedies prior to filing suit. It is further

**ORDERED** that any and all motions which may be pending in this civil action are hereby **DENIED**.

So **ORDERED** and **SIGNED** this **12** day of **October, 2016.**

_____
Ron Clark, United States District Judge